UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-cv-00058

| | |
|---|---|
| Dryvebox, Inc., | **COMPLAINT** |
| v. | Jury Trial Demanded |
| Mobile Mulligans LLC d/b/a Mobile Mulligans Golf. | |

Plaintiff Dryvebox, Inc. ("Dryvebox") brings this patent infringement action against Defendant Mobile Mulligans LLC d/b/a Mobile Mulligans Golf ("MMG"), alleging as follows:

## NATURE OF THE CASE

1. Dryvebox is an off-course golf entertainment company that provides state-of-the-art golf simulation technology and experiences. It creates and provides mobile golf trailers, called "Boxes," that provide golfers with an immersive, mobile golf simulation experience. Dryvebox's Boxes are weatherproof, climate-controlled, and solar-powered, allowing Dryvebox to deliver premier golf experiences to places where golf courses or other golf simulators would be infeasible.

2. Through Dryvebox's team and its franchisees, Dryvebox deploys more than 30 of its innovative Boxes across the United States and Canada. Dryvebox's technology has been showcased at some of the most prestigious golf events in North America, including the US Open, President's Cup, and Cognizant Founders Cup.

3. After observing Dryvebox's success and pioneering technology, MMG willfully replicated the design and functionality of Dryvebox's patented technology in an attempt to undercut Dryvebox in the market.

4. With this action, Dryvebox seeks compensation for MMG's willful acts of infringement and to prevent MMG's continued infringement of Dryvebox's patented innovations.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Dryvebox is a Delaware corporation with its principal place of business in San Francisco, California.

6. Defendant MMG is a North Carolina limited liability company with its principal place of business in Wake County, North Carolina. MMG's Articles of Incorporation identify its principal place of business as 404 Dark Branch Road, Cary, North Carolina 27519-4519.

7. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because all claims arise under the patent laws of the United States.

8. MMG is subject to general personal jurisdiction in this Court because it is a limited liability company organized under the laws of North Carolina with its principal place of business in Wake County, North Carolina.

9. Venue is proper in this Court under 28 U.S.C. § 1400(b) because MMG, as a North Carolina limited liability company with its principal place of business in Wake County, North Carolina, resides in this judicial district.

## FACTUAL BACKGROUND

10. Dryvebox, through its wholly-owned subsidiary, Yang & Cohen Enterprises, Inc. ("Y&C"), owns several patents relating to its technology, including U.S. Patent Nos. 12,139,223 ("the '223 patent"), 11,787,488, 11,560,193 and 11,124,253 (collectively the "Dryvebox Patents").

11. On November 12, 2024, the U.S. Patent and Trademark Office issued the '223 patent", entitled "User Configurable Trailer." A copy of the '223 patent is attached as **Exhibit A**.

12. The '223 patent discloses methods, systems and apparatuses for a transportable system for practicing golf.

13. The systems, methods and apparatuses of the '223 patent were invented by Dr. Adeel Yang, Michael Leong and Ahmad Yang.

14. Yang, Leong and Yang developed a technology in which a mobile golfing "Box" can allow customers to get the experience of golfing at a driving range, from within an enclosed, mobile space. Dryvebox's Boxes utilize software, one or more sensors, a projector, at least one impact screen, and a strike zone that allow golfers to hit a real golf ball and have its trajectory simulated on the projection screen, as if the golfer were experiencing a classic golf course.

15. Dryvebox has received substantial acclaim and praise both from within and outside the golf industry for its Boxes. Dryvebox's technology has been showcased at some of the most prestigious LPGA, PGA Tour and PGA Tour Champions events, including the US Open, President's Cup, and Cognizant Founders Cup. Dryvebox has been featured on Golf.com and numerous other media outlets for its innovative technology and unique ability to bring access to golf to those who might not otherwise have the opportunity to pick up a club. Dr. Yang, Dryvebox's Co-Founder and CEO, has been invited to and spoken at industry events, including at the PGA Show.

16. Dryvebox has served numerous events in North Carolina and maintains a "Charlotte" location page on its website.

17. Y&C., a wholly-owned subsidiary of Dryvebox owns the '223 patent by assignment.

18. Y&C has granted Dryvebox an exclusive license to the Dryvebox patents.

## THE ACCUSED PRODUCTS

19. MMG was formed on or about April 12, 2024 when it filed its Articles of Incorporation in North Carolina.

20. MMG created a competing "mobile golf truck" that uses TrackMan technology, a projector, and sound to simulate a golf experience.

21. On its website, mobilemulligans.com, MMG is currently soliciting appointments to rent and book an experience using its mobile golf truck beginning March 1, 2025, including in North Carolina. For example, MMG's website states, "We're on the hunt for one partner in Cary and one in Apex."

22. On information and belief, MMG analyzed Dryvebox's Boxes with the objective of replicating its design and functionality in the MMG mobile golf truck.

23. On July 9, 2024, MMG's founder, Alex Todd, wrote to Dryvebox and explained, "we are familiar with your business and your patents."

24. Dryvebox offers use of its Boxes throughout the United States and in Canada. MMG competes with Dryvebox in the same customer channels.

25. MMG is soliciting business commencing in March 2025 in direct competition with Dryvebox.

26. MMG's infringing product is costing Dryvebox customers and sales, including, but not limited to, in North Carolina and South Carolina.

27. MMG's infringing product is also costing Dryvebox lost franchisee applications.

28. MMG's infringing product is also damaging Dryvebox's brand and causing confusion in the marketplace.

4

Case 5:25-cv-00058-BO-RN   Document 1   Filed 02/06/25   Page 4 of 10

29.     The effects of MMG's infringing product in the market will be long lasting and will only increase the harm to Dryvebox if MMG is permitted to continue, launch and expand its offering of its infringing product.

## COUNT I: INFRINGEMENT OF THE '223 PATENT

30.     Dryvebox incorporates all preceding averments by reference.

31.     By making, using, offering for rent or use, and selling the mobile golf truck, MMG infringes at least claim 1 of the '223 patent.

32.     For example, claim 1 discloses a "transportable system for practicing golf, the system comprising: [1] a body comprising a ceiling, a floor, and one or more moveable slideouts . . .; [2] an impact screen affixed to a portion of the body; [3] a striking zone where a person may practice hitting balls with a golf club at the impact screen while the one or more moveable slideouts are in the second position extended away from the body; [4] one or more sensors placed about the body, the one or more sensors capable of obtaining data about a golf ball that was physically struck from the striking zone; and [5] a system for displaying imagery of areas of a golf course." The mobile golf truck satisfies each limitation of claim 1.

33.     The first limitation of claim 1 is "a body comprising a ceiling, a floor, and one or more moveable slideouts." The mobile golf truck satisfies this limitation. For example, the mobile golf truck contains a ceiling, floor, and two moveable slideouts in the two sides of the truck, which satisfies this limitation, as shown below in **Image 1**.[1]

---

[1] **Image 1** was posted by Defendant MMG on its Instagram account, @mobilemullligansgolf on December 13, 2024.



34. Additionally, **Image 2**[2] depicts the "Space Requirements" of the mobile golf truck, further demonstrating that the mobile golf truck utilizes the moveable slideouts in the sides of the truck, and therefore satisfies this limitation.



35. The second limitation of claim 1 is "an impact screen affixed to a portion of the body." The mobile golf truck satisfies this limitation. For example, the mobile golf truck contains

---

[2] **Image 2** was posted by Defendant MMG on its Instagram account, @mobilemulligansgolf on January 15, 2025.

a projection screen affixed to the body of the mobile golf truck which satisfies this limitation, as shown below.



36. The third limitation of claim 1 is "a striking zone where a person may practice hitting balls with a golf club at the impact screen while the one or more moveable slideouts are in the second position extended away from the body." The mobile golf truck satisfies this limitation. As shown in the image below, the mobile golf truck contains such a "strike zone" in which the golfer stands while hitting golf balls at the impact screen. In the depiction of the mobile golf truck, the golfer uses the strike zone while the moveable slideouts are in the second position.



37. The fourth limitation of claim 1 is "one or more sensors placed about the body, the one or more sensors capable of obtaining data about a golf ball that was physically struck from the

striking zone." The mobile golf truck satisfies this limitation. According to MMG's website, the mobile golf truck is "powered by TrackMan technology" and utilizes TrackMan iO. These technologies necessarily use sensors that meet this claim limitation.

38. The fifth limitation of claim 1 is "a system for displaying imagery of areas of a golf course." As depicted in MMG's illustration of its product, the mobile golf truck satisfies this limitation. Additionally, according to MMG's website, the mobile golf truck is "powered by TrackMan technology" and utilizes TrackMan iO. This technology is the system that displays imagery of a golf course.

## COUNT II: WILLFUL INFRINGEMENT

39. Dryvebox incorporates all preceding averments by reference.

40. Dryvebox prominently displays its patents on its website https://www.dryvebox.com/patents, to notify all competitors, customers, and others about its patented technologies, including the '223 patent.

41. Dryvebox's website also displays a footer that reads: "Whether you are a total beginner or a scratch golfer, Dryvebox is for you. Learn the game. Perfect your swing. Have fun. With our *patented* golf trailers, we do it all."

42. Dryvebox's press releases use this statement: "Dryvebox is an off-course golf entertainment company founded in 2020 with a mission to cultivate golf everywhere. The company is known for its events, where people play golf on simulators integrated into the company's high-end, *patented* mobile golf trailers ("Boxes")."

43. On November 25, 2024, Dryvebox's CEO, Dr. Adeel Yang, emailed MMG's Founder, Alex Todd, to notify MMG that the mobile golf truck infringed the '223 patent.

44. On January 17, 2025, Yang wrote Todd again to notify MMG that MMG's mobile golf truck infringed the '223 patent.

45. Despite multiple warnings from Yang, MMG promoted its infringing product at the PGA show in Orlando, Florida on or about January 21 though January 24, 2025.

46. MMG also continues to promote its infringing product through its website and social media accounts. Upon information and belief, MMG is also continuing to promote its infringing product through other channels.

47. MMG's infringement of the '223 patent is knowing, intentional, and willful.

48. MMG's infringement of the '223 patent has damaged and continues to damage Dryvebox.

## JURY DEMAND

Dryvebox demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dryvebox, Inc. prays that this Court:

1. Enter judgment in favor of Dryvebox;

2. Preliminarily and permanently enjoin MMG from infringing the '223 patent and from making, using, selling, and offering for sale the mobile golf truck, including under 35 U.S.C. § 283;

3. Award damages sufficient to compensate for MMG's infringement together with interest and costs, along with enhanced damages, under 35 U.S.C. § 284;

4. Find this to be an exceptional case and award reasonable attorney fees under 35 U.S.C. § 285;

5. Award expenses, and costs as allowed by law; and

6. Grant other such relief to which Dryvebox may be entitled and that the Court deems just and proper.

Dated: February 6, 2025.

                                    SMITH, ANDERSON, BLOUNT, DORSETT,
                                    MITCHELL & JERNIGAN, L.L.P.

                                    By:    /s/ *Danielle B. Dobosz*
                                              Kelsey I. Nix (NC Bar No. 61391)
                                              Danielle B. Dobosz (NC Bar No. 59293)
                                              Post Office Box 2611
                                              Raleigh, North Carolina 27602-2611
                                              Telephone: (919) 821-1220
                                              Facsimile: (919) 821-6800
                                              knix@smithlaw.com
                                              ddobosz@smithlaw.com